**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARIEL BRITO GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>JOHN RIFE, *et al.*,<br><br>Respondents. | ) | Case No. 3:26-CV-1515<br>Judge Marilyn J. Horan |

**ORDER**

Presently before the Court is Petitioner Ariel Brito-Gomez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), Respondents' Response (ECF No. 7), Petitioner's Reply in Support (ECF No. 8), Respondents' Supplemental Response (ECF No. 10), and Petitioner's Reply to Supplemental Response (ECF No. 11). The petition is now fully briefed; and thus, ripe for disposition. Upon review of the parties' arguments, the Court will **GRANT IN PART** Petitioner's Petition for Writ of Habeas Corpus.

Petitioner is a citizen of the Dominican Republic who crossed the border into the United States without inspection. (ECF No. 1-3 at 7); (ECF No. 7 at 6). After an encounter with Border Patrol in the Rio Grande Valley, Petitioner was detained, and based on Petitioner's individualized facts and circumstances, granted permission to lawfully enter the United States on a temporary basis on December 15, 2022. (ECF No. 1 at 1). After entering the United States, Petitioner married a United States Citizen, and USCIS approved him for Alien Relative Status on May 19, 2025. (*Id.*)

On December 1, 2025, Petitioner was detained by immigration officials at a routine immigration appointment in Philadelphia. (ECF No. 1 at 2). Since that date, Petitioner has remained in immigration detention without a bond hearing, and at the time of filing this petition,

he was detained at Moshannon Valley Processing Center in Philipsburg, Pennsylvania. (ECF No. 11 at 3).

Petitioner claims, after he were detained, he submitted an I-485 application for adjustment of status based on his approved marriage petition and parole into the United States. (ECF No. 1 at 2). On April 3, 2026, an Immigration Judge denied Petitioner I-485 application because "the parole under 212(d)(5) is no longer valid once the respondent is placed into proceedings" and ordered his removal. (*Id.*); (ECF No. 1-6 at 5). Petitioner subsequently appealed this decision to the Board of Immigration Appeals on April 29, 2026, and as of last update to the Court, this appeal appears to still be pending. (ECF No. 1-6 at 9).

As for relief, Petitioner asks the Court to "[1] order the immediate release of Petitioner due to the due process violations, or, in the alternative, [2] order a burden-shifted bond hearing because this case is substantially similar to the analysis in *Bah*." (ECF No. 11 at 1). In response, Respondents argue that the burden at a § 1226(a) detention hearing rests with the Petitioner, not with the government. (ECF No. 10 at 1).

First, and as noted in its 9/16/2026 Order, for the reasons stated in the Court's prior decision *Deh v. Warden Moshannon Valley Processing Ctr., et al.*, No. 3:26-CV-00738-MJH, 2026 WL 1255947 (W.D. Pa. May 7, 2026) and recently by the Third Circuit in *Buele Morocho v. Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026*)*, the Court finds that Petitioner is properly detained under § 1226(a), rather than § 1225(b), and is thus owed a bond hearing. (ECF No. 9).[1] Therefore, since the Petitioner has been detained without a bond hearing

[1] Using the *German Santos* framework, courts in this District have previously concluded that Third Circuit precedent does not categorically foreclose a burden-shifted bond hearing for § 1226(a) detainees experiencing prolonged detention. *See Fadel v. Warden of Moshannon Valley ICE Processing Ctr.*, No. 3:26-cv-00625, 2026 WL 1649901,

since December 1, 2025, the Court will evaluate the following four *German Santos* factors to determine which party bears the burden of proof in this initial bond hearing: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *German Santos*, 965 F.3d at 210–11.

First, when considering whether detention has become unreasonable, "[t]he most important factor is the duration of detention." *See id.* at 211. While there is no bright-line threshold of time that permits a court to presume that detention has crossed the line from reasonable to unreasonable, detention does become "'more and more suspect'" the longer it continues. *See id.* (quoting *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 234 (3d Cir. 2011)).

Here, Petitioner has been detained for over ten months. (ECF. No 11 at 3). This duration is within the "six-month-to-one-year period that triggered a bond hearing in *Chavez-Alvarez* [*v. Warden York County Prison*, 783 F.3d 469, 477 (3d Cir. 2015)]" (*see German Santos*, 965 F.3d at 212) and is akin to the detention periods that triggered bond hearings for other § 1226(a) petitioners within this District. *See, e.g., Niangane*, 2026 WL 2280905, at *3 (nine months); *A.P.C.*, 2026 WL 1998487, at *4 (eleven months); *Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *6 (W.D. Pa. Aug. 31, 2026) (eleven months). Thus, this factor weighs in favor of Petitioner.

Next, when evaluating the second factor, a habeas court must consider "whether the detention is likely to continue." *German Santos,* 965 F.3d at 211. Here, similar to *Bah*, Petitioner asserts that his "detention is likely to continue throughout his appeal." (ECF No. 11 at 4).

at *2–3 (W.D. Pa. June 8, 2026); *see also Niangane v. Mullin*, No. 3:26-CV-00815, 2026 WL 2280905, at *2 (W.D. Pa. Aug. 7, 2026); *A.P.C. v. Oddo*, No. 3:26-CV-00131, 2026 WL 1998487, at *3 (W.D. Pa. July 10, 2026); *Machado-Alvarado v. Oddo*, No. 3:26-cv-655, 2026 WL 2410139, at *2 (W.D. Pa. Aug. 18, 2026).

Petitioner's case appeal was received on April 29, 2026, and Petitioner's alien brief was received on September 24, 2026.[2] (ECF No. 11-1 at 1). However, DHS's briefing schedule expired, and no DHS brief was received by the BIA. (*Id.*) Nor has the BIA issued a decision, and upon issuing a decision, there exists the possibility of Petitioner further appealing to the Third Circuit. As such, this factor weighs in Petitioner's favor. *See German Santos*, 965 F.3d at 212 (concluding that this factor weighed in the petitioner's favor where the petitioner was awaiting BIA decision and potential Third Circuit review).

Third, in assessing the impact of the reasons for delay upon the reasonableness of detention, a petitioner's "appeals and applications for discretionary relief [are not held] against him[.]" *Id.* However, neither are delays or alleged errors held against the government "[a]bsent carelessness or bad faith[;]" for "[n]o system of justice can be error-free, and those errors require time to fix." *Id.* (citing *Diop*, 656 F.3d at 234). Here, both parties assert that the reasons for delay "appear attributable to the ordinary appellate process without fault of either party." (ECF No. 11. at 4). As such, this factor is neutral as to both parties.

Finally, when assessing the reasonableness of a petitioner's detention, "we cannot ignore the conditions of confinement." *German Santos*, 965 F.3d at 212–13 (citing *Chavez-Alvarez*, 783 F.3d at 478). In particular, a district court must examine the factual circumstances particular to the petitioner in order to assess whether "his detention is indistinguishable from criminal punishment[,]" "[d]espite its civil label[.]" *See id.* at 210.[3]

[2] Respondents incorrectly state that "Petitioner appears to have *failed to file a brief* with the BIA." (ECF No. 11 at 6). Upon review, Petitioner filed their brief on September 24, 2026. https://acis.eoir.justice.gov/en/caseInformation.
[3] A court in this District previously recognized that conditions at Moshannon Valley Processing Center may resemble prison-like confinement. *See, e.g., C.B. v. Oddo*, 2025 WL 2977870, at *7 (W.D. Pa. Oct. 22, 2025).

Here, Petitioner contends that his conditions of confinement at Moshannon "have not been meaningfully different from criminal punishment." (ECF No. 11 at 4). In particular, he cites a report from Congresswoman Mary Gay Scanlon and her statement that "[w]hat detained individuals experience at Moshannon could not be described as anything other than punitive – at best" (*Id.*) In turn, Respondents argue that "Petitioner makes no specific claims about the conditions of his confinement at Moshannon Valley." (ECF No. 10 at 7). Upon review, the Court agrees with Respondents assertion that "the parties in this case have not submitted evidence concerning Petitioner's specific conditions of confinement at Moshannon." (*Id.*); *Fofana v. Oddo*, 2026 WL 2420149, at *3 (W.D. Pa. Aug. 19, 2026) (Conti, J.) (citing *Fadel v. Warden of Moshannon Valley Ice Processing Ctr.*, No. 3:26-CV-00625, 2026 WL 1649901) (W.D. Pa. June 8, 2026)). As such, this factor is neutral and weighs in favor of neither party.

In conclusion, because two factors weigh in Petitioner's favor, while two remain neutral, the Court finds that, based upon the specific facts of the detention before it and underneath the standard set within *German Santos*, Petitioner's detention under § 1226(a) has become unreasonable. Thus, the burden of proof at the initial bond hearing will be placed upon the Government. "To justify [Petitioner's] continued detention," "the Government must put forth clear and convincing evidence" to "support a finding that continued detention is needed to prevent him from fleeing or harming the community[;]" "[i]f it cannot, it must release him." *German Santos*, 965 F.3d at 213-14 (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

Therefore, for the reasons set forth herein, the Court will **GRANT** Petitioner's Habeas Petition (ECF No. 1), in so much as it requests that this Court direct that he be afforded a

constitutionally adequate bond hearing before an Immigration Judge with the Government bearing the burden of proof and will **DENY** the Petition in all other respects.

Accordingly, this 14th day of October 2026, it is hereby **ORDERED** as follows:

1. Petitioner's Habeas Petition is **GRANTED IN PART** in so much as it requests that this Court order that he be afforded a constitutionally adequate bond hearing before an Immigration Judge.
2. Respondents shall provide Petitioner a constitutionally adequate bond hearing before a neutral Immigration Judge within thirty (30) days of the entry of this Order. This timeline may be extended by Petitioner upon a motion to the Immigration Judge.
3. At this bond hearing, the Government must put forth clear and convincing evidence to support a finding that continued detention is needed to prevent Petitioner from fleeing or harming the community.
4. Petitioner's Habeas Petition (ECF No. 1) is **DENIED** in all other respects.
5. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

DATED: October 16, 2026

Marilyn J. Horan
United States District Court Judge